## SLADE v. HIS CREDITORS.

The jurisdiction of the Fourth District Court, in the county of San Francisco, continues the same as it was previous to the creation of the Twelfth Judicial District. The jurisdiction of the Fourth District Court and of the Twelfth District Court, within the limits of the city of San Francisco, is equally extensive, and proceedings may be commenced in either Court, at the option of the suitor.

Where an insolvent, in his petition to the District Judge of the Fourth Judicial District, stated that he was "a resident of the city of San Francisco:" *Held*, that the averment was sufficient that his residence was within the Fourth Judicial District.

A defective statement in the schedule of an insolvent, of certain promissory notes which constitute a portion of his debts and liabilities, does not invalidate the entire proceedings. If the statute as to the particularity with which debts and liabilities are required to be set forth by the insolvent, is not substantially complied with, a creditor can not be prejudiced by the decree of discharge in any suit which he may institute to enforce his claim.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

This is an appeal from a decree of the Fourth District Court, discharging the insolvent from his debts, under the act entitled "An Act for the relief of Insolvent Debtors and the protection of Creditors," passed May 4, 1852. The appeal is taken by a portion of the creditors of the insolvent. In his petition to the District Judge of the Fourth District Court, the insolvent states "that he is a resident of the city of San Francisco," but does not state that his domicil, or usual place of residence, is within the Fourth Judicial District. In his schedule, certain notes which form a part of his indebtedness, are described as follows—taking two cases from the schedule, as illustrative of the manner of description :

"Alvin Slade, composing the firm of Slade & Co., note to Bingham & Reynolds, of San Francisco, dated April 4, 1857, payable May 4, 1857. $800."

"Alvin Slade, composing the firm of Slade & Co., note to Samuel B. Goodale, of San Francisco, dated March 19, 1857, 45 days. $700."

*Delos Lake* for Appellants.

1. The petition of the insolvent does not set forth facts sufficient to give the Court jurisdiction.

It states that he is "a resident of the city of San Francisco."

It should show that his domicil, or usual place of residence, is within the Fourth Judicial District.   See § 2 of the act.

An application, under this act, is a special remedy, and the statute must be pursued strictly.

" The Court must first ascertain that the person, the subject-matter, and the remedy sought, are within the statute, before its jurisdiction will attach."   Meyer *v.* Kalkman, 8 Cal., 44; Cohen *v.* Barrett, 5 Ib., 195.

2. The discharge is erroneous or void, by reason of the petitioner not setting forth the cause and nature of the indebtedness for which the several promissory notes, described in the schedule, were given.

Section three of the statute requires the debtor, among other things, to set forth "the amount due to each creditor, the cause and nature of such indebtedness, and when it accrued."

The schedule, in this case, merely describes the promissory notes.   This is not a compliance with either the letter or spirit of the statute.

The notes may have been given without any consideration whatever, and for the purpose of defrauding other creditors.

The precise point has been passed upon in New York, under a statute whose language, in this respect, is similar to that used in our Insolvent Act.   In the matter of E. Cook, 15 Johns., 182; Slidell *v.* McCrea, 1 Wend., 156.

*Cook and Fenner* for Insolvent.

I.  The petition in this case shows that the insolvent is a resident of the city of San Francisco, and this being the fact, either the Fourth or Twelfth District Court has jurisdiction, inasmuch as both Courts have jurisdiction in that city.   The statute simply requires that the insolvent shall petition the Judge having original jurisdiction within the place of his domicil or usual residence.

The statute does not even require this fact to appear in the petition.

II.  The statute is substantially complied with in the description of the indebtedness of the insolvent.   It provides that the debtor shall annex to said petition his schedule : that is to say, a summary statement of his affairs, with a list of losses he may have sustained, giving the names of his creditors, if known, the amount due to each creditor, and the cause and nature of such indebtedness, etc.

Here, it is stated to be a promissory note—true, the cause is not stated, that is to say, it does not appear whether the note was given for a horse, or for work and labor, but the nature of the debt is stated—the date, the holder—so that any creditor could, without any difficulty, ascertain the character of the transaction.

It is a substantial compliance with the statute, if it be sufficient to fairly apprise the creditors of the general ground of indebtedness, so as to give them a clue to inquiry.

Many exceptions ought to be allowed if made at the hearing, which ought not to be listened to after the discharge.    Taylor *v.* Williams, 20 Johns., 21.

If the discharge had been objected to upon that ground, an amendment could have been made.    Matter of Hurst, 9 Wendell, 239.    See, also, Small *v.* Graves, 7 Barbour, 596.

A note imports a good consideration.    In an open account, it would, of course, be proper to state the nature of the account.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

The objection to the jurisdiction of the District Court, from the want of any averment by the insolvent, in his petition, that his domicil or usual place of residence is within the Fourth Judicial District, is not tenable.    The petition states that the insolvent is a resident of the city of San Francisco, and though the territorial limits of the Fourth District embrace only a portion of the city, the jurisdiction of the Court extends over the entire city. The statute creating the Twelfth District out of the Fourth, expressly provides that the jurisdiction of the Fourth District Court, in the county of San Francisco, shall continue as previously.    (Session Laws, 1854, chap. 56, § 2.)    The jurisdiction of the two Courts, within the limits of the city, is equally extensive, and proceedings may be commenced in either Court, at the option of the suitor.

The objection from the alleged defective statement in the schedule of the insolvent, as to certain promissory notes, which constitute a portion of his debts and liabilities, does not go to the validity of the entire proceedings.    The statute restricts the effect of the decree of discharge to such debts and liabilities as are set forth in the schedule.    (Insolvent Act, § 24.)    This must, of course, mean to such debts and liabilities as are set forth with the requisite particularity; and if the law has not been substantially complied with in this respect, the appellants can not be prejudiced in any suits they may institute for the enforcement of their claims.

Appeal dismissed.